UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OTHA REESE,

    Plaintiff,

v.                                      CASE NO:
                                          **Jury Trial Demanded**

MERRICK BANK CORP.,

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff OTHA REESE ("Reese" or "Plaintiff") files suit against MERRICK BANK CORP. ("MERRICK BANK") and in support alleges:

**NATURE OF ACTION**

1. This is an action for injunctive relief and damages by Plaintiff, Otha Reese, an individual consumer, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA") by MERRICK BANK. Fundamentally, this case is about MERRICK BANK's refusal to respect Mr. Reese's personal and legal rights in its attempts to collect an alleged debt.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

## THE PARTIES

3. Plaintiff, Otha Reese, is a natural person residing in Florida.

4. Defendant MERRICK BANK is a Utah corporation with its principal place of business at 10705 South Jordan Gateway, Suite 200, South Jordan, Utah 84095.

5. Plaintiff had an alleged debt to MERRICK BANK arising out of personal, family, or household purposes.

6. Plaintiff is the regular user and carrier of the cellular telephone 813-334-7012 and was the called party and recipient of the MERRICK BANK calls.

7. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

8. Plaintiff is a "consumer" as defined in Florida Statute Section 559.55(2).

9. Defendant is a corporate entity responsible for attempting to collect a debt from Plaintiff and is transacting business in the State of Florida.

10. Plaintiff hired Davis Law Firm to represent him with regard to all debts and claims that his creditors may have had against him, and to seek relief from the overwhelming volume of debt collection calls and letters that Plaintiff was receiving.

## BACKGROUND

11. Beginning in early 2014, Plaintiff began to receive multiple telephone calls from MERRICK BANK to Plaintiff's cellular phone (813-334-7012) in an attempt to collect an alleged debt.

12. Plaintiff has one credit card account issued by Merrick Bank.

13. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(1).

14. MERRICK BANK called the Plaintiff using telephone number 800-599-2346.

15. Upon speaking with a MERRICK BANK representative, Plaintiff informed MERRICK BANK to "stop calling."

16. Despite his request for the calls to stop, MERRICK BANK continued to call Plaintiff's cellular phone.

17. MERRICK BANK called Plaintiff a minimum of 56 times in a three-month span.

18. Exhibit "A" displays the times and dates of at least some of the 56 telephone calls made by MERRICK BANK to Mr. Reese's cellular telephone between December 30, 2013 and March 31, 2014.

19. The phone number 800-599-2346 is a number that does or did belong to MERRICK BANK or its agents.

20. MERRICK BANK attempted to collect a debt from Plaintiff by this campaign of telephone calls.

21. The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

22. The telephone calls made to Plaintiff's cellular telephone were made using an automatic telephone dialing system.

23. The telephone calls made by MERRICK BANK were made using an artificial or prerecorded voice.

24. MERRICK BANK did not have Plaintiff's consent to call his cellular telephone using automatic telephone dialing equipment.

25. The telephone calls made to Plaintiff's cellular telephone were not made for emergency purposes.

26. The calls were so frequent and in such a harassing manner that after receiving several telephone calls from MERRICK BANK, Plaintiff attempted to block the calls on his cellular phone.

27. On January 11, 2014, after receiving a call from MERRICK BANK from number 800-599-2346, Mr. Reese submitted a complaint to the Federal Trade Commission ("FTC") for the illegal calls.

28. At least two of the telephone calls to the Plaintiff were made before 8:00 a.m. local time.

29. On March 6, 2014 and March 7, 2014, MERRICK BANK called Mr. Reese at 7:21 a.m. and 7:17 a.m., respectively.

30. MERRICK BANK uses automatic telephone dialing systems.

31. MERRICK BANK has many similar complaints from consumers across the country to those alleged by Plaintiff in this lawsuit.

32. All conditions precedent to bringing this action have been performed or have been waived.

## COUNT I – VIOLATIONS OF THE TCPA BY MERRICK BANK

33. Mr. Reese incorporates by reference paragraphs 1 through 32 of this Complaint.

34. MERRICK BANK willfully or knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used a pre-recorded or artificial voice to Plaintiff's cellular telephone without Plaintiff consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

35. MERRICK BANK willfully or knowingly called Plaintiff on March 6, 2014 and March 7, 2014 before the hours of 8:00 a.m. EST, in violation of 47 U.S.C. § 227(c).

36. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, MERRICK BANK for:

   a) Damages; and

   b) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT II – VIOLATIONS OF
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Mr. Reese incorporates by reference paragraphs 1 through 32 of this Complaint.

38. By continuing to contact Mr. Reese despite having actual knowledge that Mr. Reese did not consent to be called, by using automatic telephone dialing equipment to call Mr. Reese' cellular telephone and leaving artificial or pre-recorded voicemails in his cellular telephone's voicemail box, by calling him at least 56 times over 42 days, and by communicating with Mr. Reese in a manner reasonably expected to harass Mr. Reese, and by calling him before 8:00 a.m. EST, MERRICK BANK engaged in conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat.§ 559.72(7) and (17).

39. Each harassing call is a separate violation of the FCCPA and a separate count in this complaint.

40. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, MERRICK BANK for:

   a) Actual and statutory damages;

   b) Attorney's fees, litigation expenses and costs of suit; and

   c) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT III – INJUNCTIVE RELIEF

41. Mr. Reese incorporates by reference paragraphs 1 through 32 of this Complaint.

42. Plaintiff seeks a permanent injunction prohibiting MERRICK BANK from continuing its violations of the FCCPA.

43. WHEREFORE, Plaintiff requests that the Court enter judgment:

   a) Declaring that MERRICK BANK's practices violated the FCCPA;

   b) Permanently enjoining the Defendant from engaging in the violative practices; and

   c) Such other and further relief as the Court deems equitable, just, or proper.

DAVIS LAW FIRM

*s/TODD M. DAVIS*
**TODD M. DAVIS, ESQ.**
FL BAR NO. 58470
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DavisPLLC.com

## Call Log - Exhibit "A"

| Call Date / Call Time | Telephone Number |
|---|---|
| 1.  12/30/2013 2:41 PM | 8005992346 |
| 2.  12/30/2013 7:49 PM | 8005992346 |
| 3.  12/31/2013 4:01 PM | 8005992346 |
| 4.  12/31/2013 4:12 PM | 8005992346 |
| 5.  12/31/2013 7:22 PM | 8005992346 |
| 6.  1/2/2014 6:55 PM | 8005992346 |
| 7.  1/3/2014 6:20 PM | 8005992346 |
| 8.  1/4/2014 1:27 PM | 8005992346 |
| 9.  1/6/2014 4:31 PM | 8005992346 |
| 10. 1/7/2014 4:20 PM | 8005992346 |
| 11. 1/7/2014 7:37 PM | 8005992346 |
| 12. 1/8/2014 1:29 PM | 8005992346 |
| 13. 1/8/2014 3:55 PM | 8005992346 |
| 14. 1/9/2014 12:49 PM | 8005992346 |
| 15. 1/9/2014 6:39 PM | 8005992346 |
| 16. 1/10/2014 3:37 PM | 8005992346 |
| 17. 1/10/2014 6:59 PM | 8005992346 |
| 18. 1/11/2014 12:05 PM | 8005992346 |
| 19. 3/03/2014 06:43 PM | 8005992346 |
| 20. 3/5/2014 9:06 AM | 8005992346 |

| | |
|---|---|
| 21. 3/5/2014 12:21 PM | 8005992346 |
| 22. 3/6/2014 7:21 AM | 8005992346 |
| 23. 3/6/2014 11:41 AM | 8005992346 |
| 24. 3/7/2014 7:17 AM | 8005992346 |
| 25. 3/7/2014 9:59 AM | 8005992346 |
| 26. 3/8/2014 9:56 AM | 8005992346 |
| 27. 3/10/2014 4:41 PM | 8005992346 |
| 28. 3/11/2014 11:05 AM | 8005992346 |
| 29. 3/11/2014 1:24 PM | 8005992346 |
| 30. 3/12/2014 1:02 PM | 8005992346 |
| 31. 3/12/2014 3:25 PM | 8005992346 |
| 32. 3/13/2014 11:03 AM | 8005992346 |
| 33. 3/13/2014 2:47 PM | 8005992346 |
| 34. 3/14/2014 10:25 AM | 8005992346 |
| 35. 3/14/2014 12:43 PM | 8005992346 |
| 36. 3/15/2014 10:18 AM | 8005992346 |
| 37. 3/17/2014 12:06 PM | 8005992346 |
| 38. 3/18/2014 12:24 PM | 8005992346 |
| 39. 3/18/2014 4:12 PM | 8005992346 |
| 40. 3/19/2014 11:07 AM | 8005992346 |
| 41. 3/19/2014 3:13 PM | 8005992346 |
| 42. 3/20/2014 9:28 AM | 8005992346 |
| 43. 3/20/2014 2:43 PM | 8005992346 |

| | |
|---|---|
| 44. 3/21/2014 12:01 PM | 8005992346 |
| 45. 3/21/2014 4:37 PM | 8005992346 |
| 46. 3/22/2014 10:07 AM | 8005992346 |
| 47. 3/25/2014 9:26 AM | 8005992346 |
| 48. 3/25/2014 11:04 AM | 8005992346 |
| 49. 3/26/2014 1:41 PM | 8005992346 |
| 50. 3/26/2014 3:38 PM | 8005992346 |
| 51. 3/27/2014 12:42 PM | 8005992346 |
| 52. 3/28/2014 8:40 AM | 8005992346 |
| 53. 3/28/2014 11:06 AM | 8005992346 |
| 54. 3/29/2014 8:22 AM | 8005992346 |
| 55. 3/29/2014 10:40 AM | 8005992346 |
| 56. 3/31/2014 10:54 AM | 8005992346 |